

MINUTE ENTRY
McNAMARA, CHIEF JUDGE
MARCH 8, 2000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MYRA LUND | * | CIVIL ACTION |
| VERSUS | * | NO: 00-0167 |
| WAL-MART STORES, INC., ET AL | * | SECTION: "D"(5) |

Before the court is the **"Motion to Remand"** filed by Plaintiff, Myra Lund. Defendant, Wal-Mart Stores, Inc., filed a memorandum in opposition. The motion, set for hearing on Wednesday, March 8, 2000, is before the court on briefs, without oral argument.

Having reviewed the memoranda of counsel and the applicable law, the court finds that the motion should be granted. In this matter, Plaintiff claims that, on August 10, 1998, while she was shopping in a Wal-Mart store, she sat in a chair which collapsed. On August 6, 1999, Plaintiff sued Wal-Mart and others in state court. By law, Plaintiff could not specify the numerical value of her damage claim. La. Code Civ. P. Art. 893.

Wal-Mart subsequently propounded Requests for Admissions to which Plaintiff responded denying that her damages did not exceed



the sum of $75,000, exclusive of interest and costs. On January 18, 2000, Wal-Mart (and Foremost International Trading, Inc.)[1] removed the matter to this court within 30 days after receiving these responses.

In her Motion to Remand, Plaintiff argues that Wal-Mart's removal was untimely under either 30-day time limit set forth in 28 U.S.C. § 1446(b).[2] Specifically, Plaintiff contends that Wal-Mart *objectively* should have known that the amount in controversy exceeded $75,000 from either the allegations of the Petition,[3] or

---

[1] With regard to Foremost International Trading, Inc., Plaintiff alleges that:

> The [subject] chair was manufactured by Sun Tyme. The chair was imported into the United States for sale by this alien manufacturer by Foremost, which on information and belief is an alter ego of Sun Tyme, and is thus deemed to be a "manufacturer" pursuant to the provisions of the Louisiana Products Liability Act.

(Petition, ¶ VII.).

[2] 28 U.S.C. § 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within **thirty days** after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within **thirty days** after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

[3] In her Petition, Plaintiff alleges that she "has for the past, present and future sustained pain and suffering, mental anguish, emotional distress, grief, and inconvenience and has incurred special damages such as loss of wages and earning capacity, medical expense, and other out of pocket expense. (Petition, ¶ XI.).

2

"materials providing [Foremost International Trading, Inc.] information about the injuries months prior to the filing of the removal notice." (Plaintiff's Memo., p. 4).

In *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999), the Fifth Circuit established a clear analytical framework for resolving disputes concerning the amount in controversy. In situations such as here, the removing defendant must prove by a preponderance of evidence that the amount in controversy exceeds $75,000. The defendant may make this showing in either of two ways:

(1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or

(2) "by setting forth the facts in controversy--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount."

*Id.* at 298, *citing*, *DeAguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993), and *quoting*, *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

Here, the court finds that it is **not** facially apparent from the Petition that Plaintiff's claims are likely above $75,000. Thus, Wal-Mart could not have removed this action based upon the Petition.

Further, with regard to the materials Plaintiff allegedly sent

3

to Foremost, Wal-Mart claims that it never received any of that information. (Wal-Mart's Opp. Memo., pp. 6-7). Finally, any letters sent by Plaintiff to Wal-Mart *prior* to the filing of the Petition on August 6, 1999, does not constitute "other paper" for purposes of 28 U.S.C. § 1446(b). *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992).

Thus, the court rejects Plaintiff's arguments that Wal-Mart should have removed this matter either within 30 days of receiving the Petition, or within 30 days of receiving "other paper". However, while Wal-Mart removed this matter within 30 days of receiving Plaintiff's Responses to Wal-Mart's Requests for Admissions, the court must nevertheless address whether or not Wal-Mart has proven by a preponderance of the evidence that the amount in controversy exceeds $75,000, with these Responses.

The Fifth Circuit has not directly addressed whether a response to a request for admissions qualifies as "other paper."[4] Further, what causes the court pause is the Fifth Circuit's recent decision of *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999), wherein the court *sua sponte* examined the basis of jurisdiction and held that the amount in controversy was not satisfied.

In *Simon*, the Plaintiff's sued Wal-Mart in state court over an

---

[4] *But see, Freeman v. Witco Corp.*, 984 F.Supp. 443, 446-47 (E.D.La. 1999) (Porteous, J.) (finding Plaintiff's responses to Defendant's Request for Admission constituted "other paper" under § 1446(b)).

4

incident occurring in a Wal-Mart parking lot. Wal-Mart removed the case to federal court alleging that "the matter in controversy herein exceeds the sum of $75,000, exclusive of interests and costs." *Id.* at 849. Neither the district court nor either party ever questioned the court's jurisdiction. On appeal, the Fifth Circuit found:

> Within the *Luckett* framework, Wal-Mart was faced with a complaint that described damages inadequately to support removal. . . .Wal-Mart therefore had an affirmative burden to produce information, through factual allegations or an affidavit, sufficient to show "by a preponderance of the evidence that the amount in controversy exceed[ed] $75,000. The [Plaintiffs'] failure to object to removal or jurisdiction--at oral argument their counsel asserted that they believed the case was worth much more than $75,000 and thus had no basis to object--does not relieve Wal-Mart of its burden to support federal jurisdiction at the time of removal.

*Id.* at 851.

The Fifth Circuit then concluded that there was lack of subject matter jurisdiction and ordered the district court to remand the matter to state court. *Id.* at 851-52.

In the case at hand, this court finds that the Plaintiff's Responses to Wal-Mart's Requests for Admissions (denying that her damages did not exceed the sum of $75,000, exclusive of interest and costs), like the assertion made by the *Simon* Plaintiffs' counsel at oral argument before the Fifth Circuit that Plaintiffs believed their case to be worth much more than $75,000, does not relieve Wal-Mart of its burden to support federal jurisdiction at the time of removal. Thus, the court concludes that it lacks

subject matter jurisdiction and the case must be remanded to state court.    Accordingly;

**IT IS ORDERED** that Plaintiff's **Motion to Remand** be and is hereby **GRANTED**.

*   *   *   *   *   *

*[Signature]*